FILED IN CHAMBERS
U.S.D.C. Rome

JUL 16 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL J. COREY,<br>Plaintiff,<br><br>v.<br><br>GEORGIA BOARD OF PARDONS<br>& PAROLES, et al.,<br>Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br><br><br>CIVIL ACTION NO.<br>1:07-CV-1241-RLV |

## ORDER

Plaintiff, Michael J. Corey, previously was granted in forma pauperis status in this 42 U.S.C. § 1983 action. The matter now is before the Court on the complaint (Doc. No. 1) for screening pursuant to 28 U.S.C. § 1915A.

### I.  28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal

theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A litigant fails to state a claim when he does not plead "enough factual matter (taken as true)" to plausibly support his claim for relief and, thereby, give the "defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007); see also Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (stating that a litigant fails to state a claim when, on a dispositive legal issue, "no construction of the factual allegations will support the cause of action").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's factual allegations, construing them favorably to the plaintiff. Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992); Mun. Utils. Bd. of Albertville v. Ala. Power Co., 934 F.2d 1493, 1501 (11th Cir. 1991) (holding that, although the facts "need not be spelled out with

exactitude," notice pleading requires a plaintiff to plead facts sufficient to identify "each element of the alleged . . . violation"). As stated by the Supreme Court, the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Discussion

Plaintiff currently is serving a life sentence based on his Bartow County conviction for a 1990 armed robbery. (Doc. No. 1, Br. at 2.) See also www.dcor.state.ga.us at "offender search," GDC ID Number 413416.[1] Plaintiff

---

[1] The official web site for the Georgia Department of Corrections (GDOC) shows that Plaintiff's other "current sentences" are: (1) a five-year sentence on a Ware County conviction for an institutional offense, (2) two ten-year sentences on Bartow County convictions for possession of a firearm and armed robbery, (3) two twenty-year sentences for Cobb County convictions for armed robbery and robbery,

complains that the Georgia Board of Pardons and Paroles ("Board") denied him parole in 1998 and 2006 and thereby violated the Ex Post Facto and Equal Protection Clauses of the United States Constitution, deprived him of his liberty interest in parole, and violated his substantive due process rights. (Doc. No. 1 ¶ IV and Br. at 2-3.) Plaintiff seeks declaratory and injunctive relief, including an injunction that the Board reconsider Plaintiff for parole. (Id. ¶ V.)

### A.     The Ex Post Facto Clause

Plaintiff states that the Board (1) determined in 1998 that parole was unwarranted based on Plaintiff's "pattern of criminal behavior and circumstances and nature of offense(s)" and (2) determined in 2006 that parole was unwarranted because "release would not be compat[i]ble with the welfare of society (citing O.C.G.A. § 42-9-42(c)) due to the severe nature of the offenses for which [Plaintiff was] convicted." (Doc. No. 1, Br. at 2-3.) Plaintiff states that his next review is scheduled for 2011. Plaintiff contends that the above Board decisions resulted from new "get tough on crime" legislation and violate the Ex Post Facto Clause. Plaintiff states that when he was incarcerated, O.C.G.A. § 42-9-45 required service of at least seven years on any

---

and (4) a ten-year sentence for a Cobb County conviction for robbery. www.dcor.state.ga.us at "offender search," GDC ID Number 413416.

sentence in aggregate of twenty-one years. He states that O.C.G.A. § 17-10-6.1, which was enacted after he began serving his sentence, originally required service of at least fourteen years of a life sentence for a serious violent felony, and, as recently amended, requires service of thirty years on such sentence. Plaintiff argues that, in applying this new law, the Board has increased his punishment, in violation of the Ex Post Facto Clause. (Doc. No. 1, Br. at 4-6.)

The relevant Georgia law is as follows. Before 1994, Georgia law provided, "Inmates serving sentences aggregating 21 years or more **shall become eligible** for consideration for parole **upon completion of the service of seven years**." O.C.G.A. § 42-9-45(b) (1993) (emphasis added). Then, the Georgia legislature enacted the Sentence Reform Act of 1994, 1994 Georgia Laws 1265, §§ 11, 15, 18 (1994) (effective January 1, 1995), which added O.C.G.A. § 17-10-6.1 and amended § 42-9-45(b), to reflect an exception for the provisions in O.C.G.A. § 17-10-6.1. Section 17-10-6.1, as originally enacted, provided, "[F]or a first conviction of a serious violent felony[2] in which the defendant has been sentenced to life imprisonment, that person

---

[2] Plaintiff, in complaining regarding § 17-10-6.1, indicates that his armed robbery conviction for which he received a life sentence was a "first conviction for a serious violent felony," and this Court does not question that matter.

5

**shall not be eligible** for any form of parole or early release administered by the State Board of Pardons and Paroles **until that person has served a minimum of 14 years in prison.**"  O.C.G.A. § 17-10-6.1(c)(1) (1994) (emphasis added).  As amended, effective July 1, 2006,[3] that subsection now provides, "[F]or a first conviction of a serious violent felony in which the defendant has been sentenced to life imprisonment, that person **shall not be eligible** for any form of parole or early release administered by the State Board of Pardons and Paroles **until that person has served a minimum of 30 years in prison.**"  O.C.G.A. § 17-10-6.1(c)(1) (emphasis added).

To establish an ex post facto violation, Plaintiff must show that the contested law (1) is punitive, (2) has been applied retrospectively to Plaintiff, and (3) works to his disadvantage by increasing the punishment for past conduct.  See Paschal v. Wainwright, 738 F.2d 1173, 1175-76 (11th Cir. 1984).  Before addressing whether there is an ex post facto violation, this Court finds that any complaint regarding the Board's 1998 decision is barred by the applicable statute of limitations.  See Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).  The Board's 2006 decision does not violate the Ex Post Facto Clause.  It is apparent based on Plaintiff's allegations that the

---

[3] See O.C.G.A. § 17-10-6.1(c)(1) (historical and statutory notes).

6

Board duly considered Plaintiff for parole and did not use O.C.G.A. § 17-10-6.1 (either as originally enacted or as amended) to find that Plaintiff was ineligible for parole consideration.[4] Absent any indication that the Board applied § 17-10-6.1 to Plaintiff, his ex post facto claim fails.

### B.   The Equal Protection Clause

Plaintiff (who currently has served just over sixteen years within the GDOC, i.e., from March 1991 through July 2007), contends that many convicts, whose cases "are certain to be more onerous than" his own, have been paroled after serving sixteen or less years. (Doc. No. 1, Br. at 9.) Plaintiff argues that, by extending his next review date to 2011, the Board is requiring him to serve nearly double the average time served (eleven and one-half years) by those similarly situated. (Id. at 9.) Plaintiff (1) states that he is six years clear of any disciplinary infraction, (2) lists various factors that, he contends, show he is a good candidate for parole, and (3) asserts that the Board has no

---

[4] Additionally, the Board states on its official web site that it applies § 17-10-6.1, as amended, according to the date an inmate committed his crime. See www.pap.state.ga.us at "clemency," "life sentences." The Board states that it considers "lifers" according to their placement in one of three categories: (1) those who were convicted before 1995, who were eligible for parole after seven years, (2) those whose crimes were committed before July 1, 2006, who "will initially be considered for parole after serving 14 years," and (3) those whose crimes were committed on or after July 1, 2006, who "will not be considered for parole until they have served 30 years." Id.

7

rational basis for treating him differently than other similarly situated convicts. (Id. at 9-11.) Plaintiff relies, inter alia, on Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), which states, "Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." (See Doc. No. 1, Br. at 11.) Plaintiff attaches parole records from 1990 through 1996 for inmates serving life sentences. (Id., Attach.) That record provides little information other than inmates' names, their crimes, and dates that show the duration of their incarcerations. (Id.)

To state a claim under the Equal Protection Clause, a plaintiff generally must allege "that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal quotations omitted); Thomas v. Georgia State Bd. of Pardons and Paroles, 881 F.2d 1032, 1034 n.3 (11th Cir. 1989) (stating that Plaintiff must show that parole decision was "made on the basis of race, poverty, or some other constitutionally invalid reason . . . and that similarly situated inmates who were not members of the protected class received parole"). To state a claim of equal protection

8

as a "class of one," a plaintiff must allege that (1) he is similarly situated to (2) "comparators [who are] prima facie identical in all relevant respects," and that (3) defendants have intentionally treated him differently, (4) without any rational basis. See Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006).

Plaintiff fails to allege that he received different treatment based on any constitutionally protected interest. Further, to the extent that Plaintiff alleges that, as a class of one, he was arbitrarily treated in a manner different from others who were similarly situated to himself, his claim fails because he does not allege that he is similarly situated (on matters relevant to parole) with those who have been granted parole. The Board is entitled to consider a wide range of factors in granting or denying parole, and that consideration properly results in varying parole decisions for individual inmates who have received life sentences.[5] Plaintiff alleges that he and various paroled prisoners are similarly situated because they all received a life sentence and/or because some of them received a life sentence for armed robbery. However, he does not allege the necessary similarity on respects that are relevant to a parole

---

[5] The Board may, among other things, consider (1) the candidate's prison conduct, education, and efficiency in performing prison duties; and (2) the likelihood that a particular prisoner will, on release, "conduct himself as a respectable and law-abiding person" and "be suitably employed." O.C.G.A. § 42-9-42(c).

decision.[6] See Campbell, 434 F.3d at 1314 (stating, in regard to a class-of-one equal protection claim, that for a situation to be deemed similar "it must be prima facie identical in all relevant respects"). Accordingly, Plaintiff's equal protection claim fails.

### C. The Due Process Clause and a Protected Liberty Interest

Plaintiff contends that he has a due process right to parole that the Board violated when it arbitrarily violated the Ex Post Facto and Equal Protection Clauses. (Doc. No. 1, Br. at 7-8.) Plaintiff also argues that the court in Sultenfuss v. Snow, 35 F.3d 1494 (11th Cir. 1994), wrongly decided that there is no protected liberty interest in parole. (Id. at 12-16.) Plaintiff argues that he has a protected liberty interest in parole because the Board's past practice of granting early parole to persons convicted of armed robbery (sometimes in as little as eight years), combined with his anticipation of equal treatment, created a constitutionally protected expectancy that he also could receive an early release. (Id.)

---

[6] Plaintiff does not address the relevant prison conduct of the paroled inmates, and his review of his own prison conduct is not sufficient to show that he is similarly situated with those inmates. Further, Plaintiff's surmising that the cases of many paroled lifers "are certain to be more onerous than" his own case is insufficient to show either similarity or dissimilarity in regard to the severity of the offenses of conviction.

10

Plaintiff has no stand-alone constitutional right to parole that is protected by the due process clause, and his claim in regard thereto must fail. See Sultenfuss, 35 F.3d at 1499 (quoting Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979) – "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Further, Georgia has not created a liberty interest in such release that is protected by the Due Process Clause of the Fourteenth Amendment. See Sultenfuss, 35 F.3d at 1499-1503. Although Plaintiff thinks that Sultenfuss was wrongly decided, the Eleventh Circuit's holding that Georgia has not created a liberty interest in parole is binding on this Court, and Plaintiff's arguments in regard to his alleged liberty interest in parole must fail. Fox v. Acadia State Bank, 937 F.2d 1566, 1570 (11th Cir. 1991).

## III. Conclusion

For the reasons stated above, **IT IS ORDERED** that the instant action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED** this 16th day of July, 2007.

*(signature)*
ROBERT L. VINING, JR.
Senior United States District Judge